UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL GUTIERREZ GOMEZ, | Case No. 1:26-cv-00635-JLT-HBK (HC) |
| Petitioner, | ORDER DIRECTING RESPONDENT TO FILE SUPPLEMENTAL BRIEFING |
| v. | |
| TODD M. LYONS, et al., | SEVEN-DAY DEADLINE |
| Respondents. | |

Petitioner, an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the California City Detention Center in California City, California, has pending a counseled petition for writ of habeas corpus filed under 28 U.S.C. § 2241 challenging, *inter alia*, his challenging his detention without a hearing under Immigration and Naturalization Act ("INA") § 235 as a violation of his due process rights under the Fifth Amendment. (*Id*. at 6). Plaintiff also claims he is a *Maldonado Bautista* class member. (*Id*.); *see Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). As relief, the Petition seeks immediate release from custody. (*Id*. at 7).

On February 24, 2026, Respondent filed a Motion to Dismiss in response to the Petition. (Doc. 13). Respondent argues that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as an "applicant for admission," and is therefore ineligible for a bond hearing; and (2) Petitioner is also subject to mandatory detention under 8 U.S.C. § 1226(c) while his removal

proceedings are pending due to his 2015 criminal convictions. (*Id*. at 2). In his March 2, 2026 reply, Petitioner argues (1) an overwhelming majority of courts have rejected Respondents' "new statutory interpretation" that noncitizens, like Petitioner, who previously entered the country and have resided here prior to being apprehended and placed in removal proceedings under 8 U.S.C. § 1225(b)(2), as opposed to § 1226(a), and (2) Respondents incorrectly argue Petitioner is subject to mandatory detention under § 1226(c) because of the recently enacted Laken Riley Act, which "lacks any specific language that would make it apply retroactively to a person like Petitioner." (Doc. 14). The Court finds supplemental briefing on this issue would be of assistance to the Court in resolving Petitioner's claim.

Accordingly, it is hereby **ORDERED**:

1) Within **seven (7) days** from the date of this Order, Respondents **SHALL** submit supplemental briefing specifically addressing:

   a. The <u>precise</u> statutory authority under which Petitioner is subject to mandatory detention, i.e. 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(c);

   b. If necessary, the legal authority that Petitioner can be subject to mandatory detention under <u>both</u> 8 U.S.C. § 1225(b)(2) as an applicant for admission, and 8 U.S.C. § 1226(c) due to previous criminal convictions; and

   c. If necessary, (1) identify the applicable sub-section of § 1226(c)(1) and how Petitioner's 2015 criminal convictions qualify him as subject to mandatory detention under that sub-section, and (2) address the relevance, or lack thereof, of the recently enacted Laken Riley Act.

2) Within **seven (7) days** of the date of service of Respondents supplemental briefing, Petitioner may file an optional response.

Dated:    March 29, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2