**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMMANUEL GUTIERREZ GOMEZ, | Case No.: 1:26-cv-00635 JLT HBK (HC) |
| Petitioner, | A File: 242-256-433 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RESPONDENTS' MOTION TO DISMISS, AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART |
| TODD M. LYONS, Acting Director, Immigration Customs and Enforcement; and CHRISTOPHER CHESTNUT, Warden, California City Correctional Facility, | |
| | (Docs. 1, 13, 18) |
| Respondents. | |

Emmanuel Gutierrez Gomez is an immigrant detainee in U.S. Immigration Customs and Enforcement custody at the California City Detention Center in California City, California, proceeding with counsel on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) On May 6, 2026, the assigned magistrate judge issued Findings and Recommendations to grant the Petition in part and to order Respondents provide Petitioner a substantive bond hearing. (Doc. 18.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within five days. (*Id.*) In addition, the Court "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 15, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)

On May 8, 2026, Respondents timely filed objections, reiterating the "reasons set forth" in

1

their Motion to Dismiss. (Doc. 15.) On May 11, 2026, Petitioner timely filed objections, arguing that the only "proper remedy" is immediate release. (Doc. 20.) Petitioner argues that his 2015 California controlled substance convictions were "vacated in their entirety as legally invalid," he served his sentence after pleading guilty to a lesser charge, and there have been "no changed circumstances" to warrant his detention after completion of his sentence. (*Id*. at 2.) The Court notes that Petitioner does not offer evidence, nor did he argue in his opposition to the Motion to Dismiss, that his 2015 convictions were vacated.

Regardless, as determined by the assigned magistrate judge, Respondents failed to carry their burden to demonstrate Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) due to those convictions. (Doc. 18 at 13-14.) Thus, the Findings and Recommendations correctly found that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2); and that the proper remedy is a bond hearing at which the immigration judge may consider in the first instance the appropriate statutory authority for Petitioner's detention, and, if warranted, whether Petitioner is a flight risk or a danger to the community on an individualized basis. (*Id*. at 14.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Ordering a bond hearing in this circumstance is consistent with this Court's orders in numerous other cases in which the petitioner had not previously been encountered and released by immigration authorities, even for individuals without a criminal history.

Based upon the foregoing, the Court **ORDERS**:

1.      The Findings and Recommendations issued on May 6, 2026 (Doc. 18) are **ADOPTED** in full.

2.      Respondents Motion to Dismiss (Doc. 13) is **DENIED**.

3.      The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

4.      Respondents are **ORDERED** to, within 14 days of this Order, (1) provide Petitioner with a substantive bond hearing pursuant to 8 U.S.C. § 1226(a), at which the parties will be allowed to present evidence and argument about whether

2

Petitioner is a danger to the community and/or presents a flight risk if not detained, or (2) release Petitioner from custody under reasonable conditions of supervision.

5. Prior to the bond hearing, the Petitioner **SHALL** receive at least 72 hours-notice of the scheduled hearing, **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, Respondents **SHALL** ensure that counsel receives at least 72 hours-notice of the scheduled hearing

6. The Clerk of the Court is directed enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **May 13, 2026**

UNITED STATES DISTRICT JUDGE

3